IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEHNA MAXIE**                                                                               **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 5:20-CV-190-KS-MTP**

**WAL-MART STORES EAST, LP,** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendants' Motion for Summary Judgment [26]. Therefore, Defendants' Motion to Exclude and/or Limit Testimony of Plaintiff's Experts [28] is **moot**. The Court will enter a separate final judgment.

### I. BACKGROUND

This is a slip-and-fall case. On a sunny day in February 2018, Plaintiff was shopping at Wal-Mart in Brookhaven, Mississippi. She slipped on a puddle in front of a water cooler refilling station. She fell, and she claims that she was injured. She filed this lawsuit against the Wal-Mart Defendants, claiming that their negligence caused her injuries. Defendants filed a Motion for Summary Judgment [26] and a Motion to Exclude and/or Limit the Testimony of Plaintiff's Experts [28]. The Court need only address the Motion for Summary Judgment [26].

### II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In a premises liability case, the plaintiff must prove the four elements of common-law negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 822 (S.D. Miss. 2014). The duty

owed to the plaintiff depends on his or her status as an invitee, licensee, or trespasser. *Doe v. Miss. State Fed'n of Colored Women's Club Housing for the Elderly in Clinton, Inc.*, 941 So. 2d 820, 826 (Miss. Ct. App. 2006). Therefore, "[p]remises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004).

It is undisputed that Plaintiff was an invitee at the time of the accident. "Mississippi law imposes upon a business owner or operator a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee." *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999). However, a business owner is not an insurer against all accidents and injuries that may occur on its premises. *Anderson v. B. H. Acquisitions, Inc.,* 771 So. 2d 914, 918 (Miss. 2000). Mere proof of a fall within a business is insufficient to recover on a negligence claim. *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (Miss. Ct. App. 2006). Rather, a plaintiff-invitee must show either:

> (1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.

*Id.* at 694-95.

### A. *Constructive Notice*

First, Plaintiff contends that Defendants had constructive knowledge of the water on the floor and failed to warn her. A proprietor has constructive knowledge of a dangerous condition when, "based on the length of time that the condition existed, the [proprietor] exercising reasonable care should have known of its presence." *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996). To establish constructive knowledge, a plaintiff "must present specific proof as to the actual relevant length of time" the hazard existed. *Jacox v. Circus Circus Mississippi, Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005). A reviewing court "cannot indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed" when such evidence is not present. *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007).

Plaintiff infers from the absence of evidence of other causes that the water came from a water cooler refilling station next to where she fell, and that it had been there for at least twenty-three minutes. She notes evidence that it was not raining on the day of the accident. Exhibit 2 to Motion for Summary Judgment [26-2], at 3. She notes the presence of the refilling station next to where she fell, and that a customer used it to refill two water jugs from 9:20:20 a.m. to 9:31:46 a.m., approximately twenty-three minutes before her fall. Exhibit 5 to Motion for Summary Judgment [26-5]. She notes that the surveillance video does not show anyone spill anything or even carry goods or groceries through or past the location of the fall during the time

4

between the last use of the water refilling station at 9:31:46 a.m. and her fall at 9:52:44 a.m. Exhibit 5 to Motion for Summary Judgment [26-5]. She also notes that four Wal-Mart employees walked by the spot during the same time period. *Id.* Finally, she notes photographs of the floor after her fall, which clearly show that the floor was wet. Exhibit 4 to Response [36-4]. She characterizes the photographs as depicting tire tracks in the liquid, which she infers came from a motorized cart which another customer drove through the spot approximately five minutes before her fall. Exhibit 5 [26-5]. Therefore, Plaintiff infers that the water puddle had to come from the refilling station, that it had to be there for at least twenty-three minutes before she fell, and that multiple Wal-Mart employees walked past it during that time period.

However, inference from the absence of evidence other potential causes is not sufficient to meet a plaintiff's burden of proof in a premises liability case. As noted above, to establish constructive knowledge, a plaintiff "must present specific proof as to the actual relevant length of time" the hazard existed. *Jacox*, 908 So. 2d at 184. Here, Plaintiff has not directed the Court to any specific evidence regarding how long the water was on the floor. Rather, she makes numerous presumptions based on the absence of evidence of other explanations. These presumptions are not allowed under Mississippi law. *See, e.g. Ryan v. Wal-Mart Stores, Inc.*, 2005 WL 3591809, at *4 (S.D. Miss. Dec. 30, 2005). Rather, Plaintiff must present specific evidence of the length of time that the puddle was there.

The Court thoroughly examined the record, and it contains little evidence on

5

this point. A jury could reasonably conclude that the water was there at 9:45 a.m. – approximately six minutes before Plaintiff fell – because the surveillance video shows a person walk across the same spot and leave a visible mark on the floor, presumably in the puddle. Exhibit 4 to Motion for Summary Judgment [26-4]. Additionally, the liquid appears slightly dirty in the photographs taken after Plaintiff had fallen, although the Court does not believe a jury could reasonably conclude that the photographs depict "cart tracks" as Plaintiff described in briefing. Exhibit 4 to Response [36-4]. This slim evidence is not enough to impute constructive knowledge to Defendants.[1]

## B.   *Defendants' Negligence*

Plaintiff also contends that Defendants' negligence caused the accident because they failed to place a mat in front of the refilling station as required by their own policies and procedures. Defendants' "Slip, Trip and Fall Guidelines" provide: "Locate and maintain floor mats in areas where liquids can cause a slip and fall hazard such as in Produce, in front of the bagged ice freezers and the vestibule." Exhibit 5 to Response [42], at 1. Assuming this proves that Defendants failed to follow

---

[1] *See Bratton v. Wal-Mart Stores East, L.P.*, 2018 WL 386689, at *2 (S.D. Miss. Jan. 11, 2018) ("In Mississippi, . . . [even] an hour is typically not enough time to conclude that a proprietor should have known about a hazardous substance."); *Stewart v. Sam's West, Inc.*, 2018 WL 6566588, at *3 (S.D. Miss. Oct. 25, 2018) (six minutes was not long enough to impute constructive notice); *Bilbro v. Dollar General Corp.*, 2006 WL 8454219, at *1 (S.D. Miss. Apr. 14, 2006) (fifteen minutes not sufficient time to impute constructive notice); *Young v. Fred's Super Dollar Stores of Tenn., Inc.*, 1997 WL 786762, at *2-*3 (N.D. Miss. Nov. 3, 1997) (five to ten minutes not long enough to impute constructive notice); *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 91-92 (Miss. 2013) (five minutes was insufficient time to impute constructive notice); *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295-96 (Miss. 1988) (where only evidence of length of time puddle existed was cart tracks and footprints, and store employee said there was no puddle 1-2 minutes before fall, no constructive notice).

their own safety guidelines, it does not prove that the absence of a mat caused Plaintiff to slip. *See Merritt v. Wal-Mart Stores, Inc.*, 911 F. Supp. 242, 247 (S.D. Miss. 1995) (plaintiff created question of fact as to defendant's negligence by expert testimony that she would not have fallen if a mat were in place).

### III. CONCLUSION

For these reasons, the Court **grants** Defendants' Motion for Summary Judgment [26]. Therefore, Defendants' Motion to Exclude and/or Limit Testimony of Plaintiff's Experts [28] is **moot**. The Court will enter a separate final judgment.

SO ORDERED AND ADJUDGED this  19th    day of November, 2021.

                                                /s/ Keith Starrett
                                                KEITH STARRETT
                        UNITED STATES DISTRICT JUDGE